UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

JS-6

| Case No. | CV 12 - 9945 PSG (Ex) | Date | February 20, 2013 |
|---|---|---|---|
| Title | *Rentz, et al. v. McKesson Corp., et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| | Wendy Hernandez | Not Reported |
| | Deputy Clerk | Court Reporter / Recorder |
| | Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| | Not Present | Not Present |

**Proceedings:** (In Chambers): Order REMANDING action

Before the Court is Defendants Teva Pharmaceuticals U.S.A., Inc. ("Teva") and Xanodyne Pharmaceuticals, Inc.'s ("Xanodyne" and, collectively, "Defendants") response to the Court's Order to Show Cause ("OSC") why the action should not be remanded for lack of subject matter jurisdiction. The Court finds the matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the arguments in response to the Court's OSC, the Court REMANDS the action to the Superior Court of Los Angeles County.

I.      Background

The present action is one of 26 cases currently pending before this Court that allege injuries relating to ingestion of the drug ingredient propoxyphene, which is found in the brand drugs Darvocet and Darvon as well as generic brand pain relievers ("Propoxyphene Actions"). There are also many other cases relating to Darvocet, Darvon, and propoxyphene pending in a multidistrict litigation ("MDL") in the Eastern District of Kentucky. *See In re Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.*, 780 F. Supp. 2d 1379 (E.D. Ky. Aug. 16, 2011). The Propoxyphene Actions were brought against various entities that allegedly manufactured, marketed, distributed, and/or sold products containing propoxyphene that were defectively designed and failed to contain adequate warnings.

On May 21, 2012, several Plaintiffs ("Plaintiffs" or "Rentz Plaintiffs") filed the present action in the Superior Court of Los Angeles County. *See* Dkt. # 1. The action named several Defendants allegedly responsible for the manufacturing and/or distribution of products containing propoxyphene, including Teva and Xanodyne, among others. *Id.* This action has twice been removed to this Court. On May 21, 2012, several defendants removed the action to this Court on the basis of diversity jurisdiction. *See Rentz, et al. v. McKesson Corp., et al.*, No.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

JS-6

| Case No. | CV 12 - 9945 PSG (Ex) | Date | February 20, 2013 |
|---|---|---|---|
| Title | *Rentz, et al. v. McKesson Corp., et al.* | | |

12-cv-4399-PSG-E ("*Rentz I*"), Dkt. # 1.  After reviewing the Notice of Removal, the Court found that there was not complete diversity between the parties, so diversity jurisdiction was improper.  Accordingly, on August 7, 2012, the Court remanded the case to state court.  *See Rentz I* Dkt. # 30.

On October 23, 2012, after the Court remanded the case, the Rentz Plaintiffs and plaintiffs in six of the other California Propoxyphene Actions filed a Petition for Coordination ("Petition") in state court.  *See Not.*, Ex. B.  Defendants contend that the Petition makes the action a "mass action" that is removable pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(11).  Accordingly, on November 20, 2012, Defendants again removed the action to this Court.  *See* Dkt. # 1.  In the Notice of Removal, Defendants relied on *In re Abbott Labs., Inc.*, 698 F.3d 568 (7th Cir. 2012), a recent Seventh Circuit case in which the court held that a motion to consolidate in Illinois state court was sufficient to confer federal mass action jurisdiction.  *Not.* 4:20-7:21.  However, the Court remained unpersuaded that subject matter jurisdiction was proper.  Specifically, the Court was not persuaded that the action was properly removable as a mass action.  As such, on December 18, 2012, the Court issued an OSC in which it directed Defendants to explain why the Court should follow the Seventh Circuit decision in *Abbott*.  *See* Dkt. # 23.  On January 14, 2013, Defendants submitted separate responses to the Court's OSC.  *See* Dkts. # 23-24.  Though submitted separately, the responses contain substantially identical arguments in support of removal.  *See id.*

After reviewing the arguments in both responses, the Court concludes that Defendants have failed to meet their burden of establishing that removal is proper.  Accordingly, the action is REMANDED.

II.     Legal Standard

Federal courts are courts of limited jurisdiction.  See *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case.  See *Abrego Abrego v. The Dow Chem. Co*., 443 F.3d 676, 679-80 (9th Cir. 2006).  Federal subject matter jurisdiction is satisfied through removal if the case could have originally been filed in federal court based on either federal question jurisdiction or diversity jurisdiction.  *Chicago v. Int'l Coll. of Surgeons,* 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court.").  If at any time before final judgment it appears a removing court lacks subject matter jurisdiction, the case must be remanded to state court.  28 U.S.C. § 1447(c).  Moreover, there is a strong presumption against removal jurisdiction, and the party seeking removal always

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

JS-6

| Case No. | CV 12 - 9945 PSG (Ex) | Date | February 20, 2013 |
|---|---|---|---|
| Title | *Rentz, et al. v. McKesson Corp., et al.* | | |

has the burden of establishing that removal is proper. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Mattel, Inc. v. Bryant*, 441 F. Supp. 2d 1081, 1089 (C.D. Cal. 2005). The removal statute is "strictly construe[d]" against removal jurisdiction and "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *See Gaus*, 980 F.2d at 566.

III. Discussion

The Class Action Fairness Act ("CAFA") establishes federal jurisdiction over interstate class actions in which there are at least 100 class members and the combined claims of the members exceed $5 million. 28 U.S.C. 1332(d)(2), 1332(d)(5)(B). Federal jurisdiction under CAFA also includes "mass actions," in which monetary claims of 100 or more persons are to be jointly tried because they involve common questions of law or fact. 28 U.S.C. 1332(d)(11). Accordingly, under CAFA, removal is proper in "mass action" suits if the following elements are satisfied: (1) the amount in controversy exceeds $5 million; (2) there is minimal diversity, meaning at least one plaintiff is diverse from at least one defendant; (3) 100 or more plaintiffs have proposed to try their case jointly on the ground that their claims involve common questions of law and fact; and (4) at least one plaintiff's claim exceeds $75,000. 29 U.S.C. § 1332(d); *Abrego*, 443 F.3d at 681, 689; *Rice v. McKesson Corp.*, No. C 12-05949 WHA, 2013 WL 97738, at *1 (N.D. Cal. Jan. 7, 2013) (remanding a case related to the present case after rejecting arguments for mass action jurisdiction that were identical to the ones before the Court in Defendants' response to the Court's OSC).

Resolution of the present motion turns on whether the third element is satisfied—*i.e.*, whether 100 or more plaintiffs have proposed to try their case jointly. Defendants contend that this element is satisfied because Plaintiffs filed a Petition for Coordination ("Petition") in state court. *Teva Response* 4:15-16; *Xanodyne Response* 4:6-8. In support of this argument, Defendants rely on the Seventh Circuit's decision in *Abbott*. In *Abbott*, the Seventh Circuit held that plaintiffs' motion to consolidate and transfer in Illinois state court was sufficient to confer federal jurisdiction as a mass action pursuant to 28 U.S.C. § 1332(d), making removal of the action proper. *Abbott*, 698 F.3d at 573. Because the Illinois rule for consolidation is substantially identical to the California rule pursuant to which the Rentz Plaintiffs moved for consolidation, Defendants argue that the Court should follow the Seventh Circuit and find that federal jurisdiction is proper as a mass action in this case as well.

The Court is neither persuaded that it should follow *Abbott* nor that *Abbott* applies to the facts of the present case. As a Seventh Circuit case, *Abbott* is not binding on this Court. *See Boyd v. Benton Cnty.*, 374 F.3d 773, 781 (9th Cir. 2004). Moreover, several district courts

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

JS-6

| Case No. | CV 12 - 9945 PSG (Ex) | Date | February 20, 2013 |
|---|---|---|---|
| Title | *Rentz, et al. v. McKesson Corp., et al.* | | |

within the Ninth Circuit have already declined to follow *Abbott* in ruling on motions to remand in other Propoxyphene Actions, reducing *Abbott's* persuasive value.  *See Posey v. McKesson Corp.*, No. C 12-5939 RS, 2013 WL 361168, at *2-3 (N.D. Cal. Jan. 29, 2013); *Rice*, 2013 WL 97738, at *1; *L.B.F.R. v. Eli Lilly & Co.*, No. 12-CV-10025 (C.D. Cal. Dec. 6, 2012), Dkt. # 8 ("When the state court joins plaintiffs from other cases and the number exceeds 100—and not simply coordinates the cases—then mass-action removal is proper.").

Further, even if the Court were inclined to follow *Abbott*, the present case is factually distinguishable from *Abbott* and so the Court is not persuaded that the Seventh Circuit's reasoning applies here.  In *Abbott,* the plaintiffs' request for consolidation specifically stated they were requesting consolidation "through trial" and "not solely for pretrial proceedings." *Abbott*, 698 F.3d at 571.  In contrast, here, the Petition contains no such language.  Rather, the language in the petition focuses on coordination for pretrial purposes.  For example, the Petition states that counsel for the coordinating plaintiffs ("Coordination Counsel") anticipates that the actions will "involve duplicative requests for the same defendant witness depositions and the same documents related to development, manufacturing, testing, marketing, and sale of [the product.]"  *Not.*, Ex. C at 6.  The Petition goes on to state that "[a]bsent coordination of these actions by a single judge, there is a significant likelihood of duplicative discovery, waste of judicial resources, and possible inconsistent rulings on legal issues."  *Id.*  The language in the Petition—as well as the complete lack of any mention of joint trial in the Petition—suggests that the Petition is not a request for a joint trial such that CAFA jurisdiction is proper.  Moreover, the quotes that Defendants identify to suggest otherwise appear to be taken out of context.  For example, Defendants contend that the Petition requests trial "for all purposes."  *Teva Response* 6:13-14, 7:6; *Xanodyne Response* 6:9-10.  However, the "for all purposes" quote appears in the Petition in the section in which Coordination Counsel is merely reciting the factors to be considered in evaluating a Petition for Coordination.  The full quote reads:  "The following factors, catalogued in section 404.1 and discussed in more detail below, all demonstrate that coordination of these included actions is appropriate: One judge hearing all of the actions for all purposes in a selected site or sites will promote the ends of justice."  *Not.*, Ex. C at 8.  This quote is drawn directly from the California Code of Civil Procedure section that sets out the standards for evaluating whether coordination is appropriate.  *See* Cal. Civ. Proc. Code § 404.1.  Plaintiffs in this action should not be penalized because Coordination Counsel provided the court reviewing the Petition with the standard by which the Petition should be analyzed.  Moreover, Defendants' attempt to characterize this quote as a request for a joint trial appears to the Court to be disingenuous.

Permitting Defendants to remove based on the Petition, as prepared by Coordination Counsel, would be contrary to precedent in the Ninth Circuit.  *See Tanoh v. Dow Chem. Co.*, 561

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

JS-6

| Case No. | CV 12 - 9945 PSG (Ex) | Date | February 20, 2013 |
|---|---|---|---|
| Title | *Rentz, et al. v. McKesson Corp., et al.* | | |

F.3d 945, 954 (9th Cir. 2009). In *Tanoh*, the Ninth Circuit concluded that "Congress intended to limit the numerosity component of mass actions quite severely by including *only* actions in which the *trial itself* would address the claims of at least one hundred plaintiffs." *Id.* (emphasis added). Moreover, the Ninth Circuit made clear that "the decision to try claims jointly and thus qualify as a 'mass action' under CAFA should remain . . . with plaintiffs." *Id.* Based on the Petition, it does not appear to the Court that Plaintiffs have made the decision to *try* the case jointly or that the *trial itself* would address the claims collectively.

Defendants contend that the Court should find that a request for joint trial is implicit in Plaintiffs' Petition. *Teva Response* 7:4-6; 6:3-19. However, "[c]onstruing plaintiffs' petition for coordination as the functional equivalent of an express request for a joint trial would conflict with both the guidance prov[ided] by our court of appeals in *Tanoh,* as well as with the general canon of strict construction of removal statues." *See Rice*, 2013 WL 97738, at *1; *see also Posey*, 2013 WL 361168, at *3. Because Plaintiffs have not sought to join their claims *for trial*, their action is not removable as a mass action. *See Tanoh*, 561 F.3d at 956. Plaintiffs' separate state court actions may become removable at some later point if they seek to join their claims for trial. *See id.* However, unless and until that happens, they do not constitute a mass action and removal under CAFA is improper. *See id*; *Posey*, 2013 WL 361168, at *3; *Rice*, 2013 WL 97738, at *1.

In sum, given the strong presumption against removal jurisdiction, the Court must resolve all doubts regarding the propriety of removal in favor of remand. *See Gaus*, 980 F.2d at 566. In this case, resolving all doubts regarding jurisdiction in favor of remand, Defendants have not met the heavy burden of establishing that removal is proper.

IV. <u>Conclusion</u>

For the foregoing reasons, the Court concludes that it does not have subject matter jurisdiction over the action and REMANDS the action to the Superior Court of Los Angeles County.

**IT IS SO ORDERED.**